IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ARTHUR DIGITAL ASSETS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **JURY TRIAL DEMANDED** |
| **LUMERRITT RESOURCES LLC** | § | |
| **AND MARK AVERY,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF ARTHUR DIGITAL ASSETS, INC.'S ORIGINAL COMPLAINT

Plaintiff Arthur Digital Assets, Inc. ("Plaintiff" or "Arthur Digital") files this Complaint against Defendant Lumerritt Resources LLC ("Lumerritt") and Defendant Mark Avery ("Avery"), and alleges as follows:

### PARTIES

1. Plaintiff Arthur Digital Assets, Inc. is a Delaware corporation with its principal place of business in Delaware.

2. Defendant Lumerritt Resources LLC is a Texas limited liability company and may be served through its Texas registered agent, Mark Avery, at his address located at 2200 Willowick Rd, Unit 2C, Houston, Texas 77027. On information and belief, non-party Mark Avery is the sole member/owner of Lumerritt.

3. Defendant Mark Avery is a resident of Harris County, Texas and may be served at his residence located at 2200 Willowick Rd, Unit 2C, Houston, Texas 77027, or 2200 Willowick Rd, Unit 11C, Houston, Texas 77027 or wherever else he may be found.

### JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs,

4873-4437-3086.1

and the action is between citizens of different States. Plaintiff is a corporation incorporated under the laws of the state of Delaware, Defendant Lumerritt is an LLC organized under the laws of the state of Texas and whose sole member is a Texas citizen, and Defendant Avery is a resident of the state of Texas. Thus, complete diversity exists between the parties.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside or are located in this District, and/or pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff is in the business of providing digital asset mining services that are intended to provide affordable and sustainable crypto mining to clients. Seeking capital to grow its business, Plaintiff began engaging third-parties to invest in its business in exchange for future equity. One of these parties was Defendant Lumerritt.

7. After a period of negotiations between the parties, on or about December 1, 2022, Plaintiff and Defendant Lumerritt entered into a Simple Agreement for Future Equity ("SAFE"). The SAFE was negotiated on behalf of Lumerritt by Avery.

8. The SAFE provides, in relevant part:

> [I]n exchange for payment by Lumerritt Resources LLC (the "**Investor**") of $2,000,000.00 (the "**Purchase Amount**") on or about 1/12/2023, Arthur Digital Assets, Inc., a Delaware corporation (the "**Company**"), issues to the Investor the right to certain shares of the Company's Capital Stock[.]

9. The SAFE required that Lumerritt pay $2,000,000.00 to Plaintiff on or about January 12, 2023. In exchange, Lumerritt would receive the right to future shares of Plaintiff's stock upon the occurrence of certain contractually agreed trigger events.

10. To date, Lumerritt still has not paid Plaintiff any portion of the $2,000,000.00 required under the SAFE.

11. In the negotiations leading up to execution of the SAFE, Plaintiff and Avery, acting on behalf of Lumerritt, had discussions in which Plaintiff communicated to Avery the importance of prompt payment. Specifically, Plaintiff communicated to Avery that the market price of certain Application-Specific Integrated Circuits ("ASICs") was low, and that Plaintiff intended to use Lumerritt's payment under the SAFE to purchase ASICs at favorable prices.

12. Plaintiff intended to buy ASICs in February 2023 using funds that included, in part, Lumerritt's payment of $2,000,000.00 under the SAFE. Due to Lumerritt's failure to pay the purchase amount under the SAFE, Plaintiff was unable to purchase ASICs that it intended to buy, and otherwise would have bought, in February 2023. Further, due to being under contract with Lumerritt, Plaintiff was unable to and/or did not seek to obtain the necessary funding from other potential sources. Since February 2023, the price of ASICs has increased significantly. Thus, Plaintiff has suffered consequential damages resulting from Lumerritt's breach, which directly resulted in Plaintiff being deprived of the opportunity to purchase ASICs at favorable prices.

13. Additionally, Plaintiff has suffered reputational harm. Relying in part on the payment that Lumerritt agreed to provide under the SAFE, Plaintiff announced to the market that it anticipated completing a certain amount of financing by February 2023. Due to Plaintiff's breach, Plaintiff was unable to obtain as much financing as originally announced, thereby damaging Plaintiff's reputation in the market and among other investors.

14. Thus, in addition to the $2,000,000.00 that Lumerritt has failed to pay under the SAFE, Plaintiff has suffered further consequential damages, including but not limited to the aforementioned, in an amount to be proven at trial.

15. Lumerritt's certificate of formation was filed in Texas on or about November 8, 2021. Upon information and belief, Lumerritt does not have any real business operations and has never had any employees or office space. The only individual associated with Lumerritt is

Defendant Avery, as the sole member and manager of Lumerritt. As such, Avery had total control over Lumerritt. Upon information and belief, Lumerritt failed to follow certain corporate formalities, which, among other issues, is supported by the fact that on or about March 10, 2023, Lumerritt forfeited its existence due to issues associated with its tax filings with the state of Texas.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

16. Plaintiff restates and realleges the preceding paragraphs as if set forth in full herein.

17. On January 12, 2023, Plaintiff and Lumerritt entered into the SAFE, which is a valid and enforceable contract.

18. To date, Plaintiff has fully complied with its obligations under the SAFE. To the extent Plaintiff has any remaining contractual obligations, the conditions precedent to Plaintiff's performance of those obligations have not yet occurred.

19. Under the SAFE, there are no conditions precedent to Lumerritt's payment of $2,000,000.00 to Plaintiff and, to the extent there are such conditions precedent, they have been satisfied, met, or otherwise fulfilled.

20. Lumerritt has materially breached the SAFE by failing to pay Plaintiff the purchase amount of $2,000,000.00 required under the SAFE.

21. There is no excuse for Lumerritt's non-performance.

22. Plaintiff has suffered damages as a result of Lumerritt's breach. Plaintiff has suffered direct damages due to Defendant's failure to pay the purchase amount of $2,000,000.00. Additionally, Plaintiff has suffered foreseeable consequential damages due to Defendant's breach because, among other things, Defendant's failure to timely pay the purchase amount of $2,000,000.00 under the SAFE deprived Plaintiff of the opportunity to purchase ASICs in February 2023 when the market price of ASICs was lower than they are now. Additionally,

4

Plaintiff has suffered foreseeable consequential damages due to Defendant's breach because, among other things, Defendant's breach caused reputational harm to Plaintiff.

## COUNT II – PIERCING CORPORATE VEIL

23.     Plaintiff restates and realleges the preceding paragraphs as if set forth in full herein.

24.     Lumerritt is the alter ego of Defendant Avery or, in the alternative, Lumerritt was created by Avery as a sham entity in which Avery would attempt to use as a shield to obviate him incurring any liability. The line distinguishing between the corporate form of Lumerritt and the individual, Avery, did not exist. Avery entered into the SAFE knowing that the representations made by him on behalf of Lumerritt were false and that Lumerritt, at the direction and control of Avery, had no intention of following through with its obligations under the SAFE.

25.     Avery utilized the corporate form of Lumerritt to commit an injustice against Plaintiff or, in the alternative, used the entity to perpetrate a wrong and/or to evade a legal duty owed to Plaintiff. As such, Avery acted in bad faith during the negotiations of the SAFE and after its execution.

26.     As a result of Avery utilizing the corporate form as his alter ego, Plaintiff was harmed and damaged. As such, Plaintiff seeks to pierce the veil of Lumerritt to hold Avery personally liable for any debt, obligations, or judgments entered against Lumerritt.

## JURY DEMAND

27.     Plaintiff hereby demands a jury trial on all matters as to which it is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

1.     Judgment in favor of Plaintiff Arthur Digital Assets, Inc. and against Defendant Lumerritt Resources LLC for damages in an amount to be determined at trial, but exceeding the jurisdictional minimum of seventy-five thousand dollars ($75,000);

2. Pre-judgment and post-judgment interest at the maximum legal rate; Costs, expenses, and/or attorney's fees to the extent permitted by law;

3. Judgment in favor of Plaintiff Arthur Digital Assets, Inc. and against Defendant Mark Avery providing that Avery is personally liable for any judgment entered into against his alter ego, Defendant Lumerritt Resources LLC.

4. Finally, Plaintiff respectfully requests for such other and further relief, general or special, in law or in equity, as the Court may deem just and proper.

    Respectfully submitted,

    **FOLEY & LARDNER LLP**

    */s/  Drake Lawsage*
    Drake Lawsage – Attorney in Charge
    TX Bar No. 24102070
    SDTX Fed ID: 3089953
    dlawsage@foley.com
    1000 Louisiana Street, Suite 2000
    Houston, Texas 77002
    Telephone: (713) 276-5500
    Fascimile: (713) 276-5555

    **Of Counsel**:

    Jason Y. Wu (application for admission *pro hac vice* forthcoming)
    jwu@foley.com
    555 California Street, Suite 1700
    San Francisco, California 94104
    Telephone:  (415) 984-9848

    *Attorneys for Plaintiff Arthur Digital Assets, Inc.*